**CASE NO. 0:23-cv-62227**
and 0:23-cv-62228 (consolidated)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

---

PATRICK DALY, ELIZABETH DALY, ALL PAVING AND SEALCOATING, LLC, and PATRICK DALY and ELIZABETH DALY derivatively on behalf of ALL PAVING, INC.,

Appellants,

v.

DAREN DALY,

Appellee.

On Appeal from the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, Lower Tribunal Bankruptcy Case No. 22-15694-SMG and Lower Tribunal Adversary Proceeding No. 22-1391-SMG

---

**APPELLANTS' RESPONSE TO APPELLEE'S MOTION TO DISMISS APPEAL AS EQUITABLY MOOT**

---

Appellants, Patrick Daly, Elizabeth Daly, All Paving and Sealcoating, LLC ("APS"), and Patrick Daly and Elizabeth Daly as the majority shareholders of All Paving, Inc., (collectively, "Appellants") respond to the *Appellee's Motion to Dismiss Appeal as Equitably Moot* (the "*Motion to Dismiss Appeal*") as follows:

**<u>Introduction</u>**

1

This appeal raises several issues, none of which are equitably moot. The appeal of the *Memorandum Decision* of the bankruptcy court directly affects the ownership of the stock of All Paving, Inc. It further affects the amount and validity of the claims filed by Appellants in the underlying bankruptcy case and the dischargeability or nondischargeability of those claims. All of these issues were contemplated, with remedies preserved pending appeal in the *Confirmation Order*. Thus, Appellee's *Motion to Dismiss Appeal* is both factually and legally incorrect, is also disingenuous, and should be denied.

## **Factual and Procedural History**

1. On December 22, 2023, Debtor filed his *Second Modified Subchapter V Plan of Reorganization* (the "*Plan*"), a copy of which is attached hereto as **Exhibit "A"**.

2. Article 5 of the Plan addresses "Allowance and Disallowance of Claims" and defines a disputed claim as follows:

> A "disputed claim" is a claim that has not been allowed or disallowed by a *final non-appealable order* [emphasis added], and as to which either:
>
>     A.    A proof of claim has been filed or deemed filed, and Debtor or another party in interest has filed an objection;
>
>     or
>
>     B.    The Debtor scheduled a claim and marked the claim disputed, contingent, or unliquidated in the schedules and the Debtor or other interested party has filed an objection.

*Plan*, Art. 5, at 8.

3. The *Memorandum Decision*, which in part disallows Appellant's claims is, by virtue of this appeal, not a final order.

4. As to the *Plan*, the hearing to consider confirmation of such did not occur until February 6, 2024, after entry of the Bankruptcy Court's *Memorandum Decision* on November 8, 2023, and after this appeal was filed. All interested parties, and the Bankruptcy Court, were aware of the pendency of the appeal prior to the confirmation hearing.

5. Appellants, in order to fully protect their rights, in addition to timely filing this appeal of the *Memorandum Decision*, filed their *Objection to Confirmation of Debtor's Second Modified Subchapter V Plan of Reorganization* (the "*Objection*"). Attached hereto as **Exhibit "B"** is a copy of the *Objection*.

6. In particular, the *Objection* included the following:

> If this Court's *Memorandum Opinion* and resulting *Order Sustaining Claim Objection* are overturned on appeal, the Dalys' and APS' Claim 13-1 will be reinstated and the Court will have to hold further proceedings to determine the amount of said claim as well as whether the claim is dischargeable in bankruptcy.

*Objection*, ¶ 6 at 2.

> The Plan…provides no treatment for said claim in the event it is reinstated on appeal. In contrast, the Plan does provide for contingent treatment of other disputed claims.

> Accordingly, at a minimum, the Plan cannot be confirmed without making an adequate and fair provision for the Dalys and APS's claim [Claim 13-1] in the event it is reinstated on appeal.

3

*Objection*, ¶ b. at 4-5.

7.  At the confirmation hearing, the parties resolved the *Objection* and announced same to the Court and the following exchanges were had with respect this appeal and the effect of confirmation and vis versa:

> Page 9:
> (Mr. Marcushamer:)
> 10 With respect to feasibility, the plan is
> 11 paying a hundred cents to all allowed claims. There is no
> 12 reserve for Patrick and Elizabeth Daly. From our
> 13 perspective their claim has been finally ruled on, and
> 14 **it's only subject to the appeal.**
>
> Page 14:
> 13 (Mr. Marcushamer:) The third one, this
> 14 relates to Mr. Pugatch's clients. **The confirmation order**
> 15 **will provide that if Patrick and Elizabeth Daly, and the**
> 16 **rest of that client group, prevail on appeal, then within**
> 17 **the confines of the Bankruptcy Code, the debtor will come**
> 18 **back to this Court to modify the plan as appropriate. No**
> 19 **reserve will be provided for the Patrick and**
> 20 **Elizabeth Daly claim, and they have agreed not to claw**
> 21 **back any payments made under the course of this plan.**
>
> Page 24:
> 9  THE COURT: Okay. Just one moment.
> 10 So, I think, since we're proceeding under
> 11 the consensual track, Mr. Daly is here, I want to confirm
> 12 for him on the record that "vesting of all the property"
> 13 is all the property. So, it's going to be the ownership
> 14 interests, right, as they sit today, the claims that we've
> 15 listed in the schedules, whatever existed in his estate
> 16 will now revest in him, and he'll be free
> 17 post-confirmation to do whatever he wishes with respect

> 18 to—
> 19 THE COURT: That's what the statute says,
> 20 yes.
> 21 MR. PUGATCH: **Subject -- excuse me.**
> 22 **Subject, of course, to what we agreed on the appeal.**
> 23 THE COURT: Well, subject to the stipulation
> 24 that will be incorporated to resolve the objection.
> 25 MR. PUGATCH: Yes.

[emphasis added]. Attached hereto as **Exhibit "C"** is a copy of the entire transcript.

8.  In light of the agreement reached between the parties, the following provisions were agreed to at the hearing and set forth in the *Order Confirming the Debtor's Subchapter V Plan for Reorganization* (the "*Confirmation Order*"), a copy of which is attached hereto as **Exhibit "D"**:

> **Modifications to the Plan.** The Plan, as amended consistent with the announcements on the record and filed with the Court and as set forth herein, incorporated into the Plan Confirmation Order, *contains modifications (collectively, the "Modifications") to the Plan to resolve objections raised by various parties* [emphasis added]. The description of the Modifications announced on the record, constitute due and sufficient notice thereof under the circumstances of this Chapter 11 Case.

*Confirmation Order*, at 3.

> **Re-vesting of Property**. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in §§ 1141(d)(2) and (3) and *except as otherwise provided in the Plan or in this Order* [emphasis added], after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

*Confirmation Order*, at 9.

5

> **Patrick and Elizabeth Daly.** As stated on the record at the Confirmation Hearing, Patrick and Elizabeth Daly have appealed the Court's earlier ruling including the disallowance of their Claim. The Court's ruling with respect to their Claim is in full force and effect. Due to the pending appeal, the Claim filed by Patrick and Elizabeth Daly *is a Disputed Claim pursuant to Article 5.5.1 of the Plan. This Court retains jurisdiction, within the confines of the Bankruptcy Code, to consider any appropriate modification to the Plan and this Order, if Patrick and Elizabeth Daly are successful in their appeal* [emphasis added]. Moreover, Patrick and Elizabeth Daly expressly waive any right to recover or seek the return of any payments made to any creditor pursuant to the Plan or the Confirmation Order.

*Confirmation Order*, at 11.

## Memorandum of Law

As a result of the agreement reached at confirmation, and the specific provisions included in the *Confirmation Order*, the rights of Appellants were completely protected and it was specifically contemplated that should Appellants prevail in this appeal, the bankruptcy court would retain jurisdiction to take such action as would be appropriate as a result of Appellants prevailing herein. This could include a redetermination of property rights as to the All Paving, Inc. stock. It could also include a redetermination of Appellants' damage claims to the extent the stock could or would not be reallocated. It could also include a reversal and remand to the bankruptcy court for further proceedings related to the determination of claims and determination of dischargeability of claims. Significantly, the agreement to treat Appellants' claims as disputed claims under the *Plan*, in and of itself reflects a retention of jurisdiction by the bankruptcy court over these issues.

Over and above the *Objection* and the agreement reached, the *Plan* already provided for such remedies as to Appellants' claims. Section 5.1 of the *Plan* defines disputed claims as not being allowed or disallowed by a final non-appealable order. The *Memorandum Decision* is such an order because it is not final until this and any further appeal is resolved. As such, the retention of jurisdiction in the *Confirmation Order* applies.

Further, the parties specifically agreed, and the court in paragraph 7 of the *Confirmation Order* confirmed, that the court would retain jurisdiction and that the parties would return to the bankruptcy court for appropriate modification to the *Plan* and the *Confirmation Order* if Appellants were successful in their appeal. In exchange, Appellants waived any right to recover or to seek the return of payments made to any creditor pursuant to the *Plan* and the *Confirmation Order* specifically to avoid any prejudice to other creditors.

As stated by the Court of Appeals for the Eleventh Circuit, "Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief." *In re Club Assocs.*, 956 F.2d 1065, 1069 (11th Circ. 1992). In making that determination, the Eleventh Circuit noted that there needs to be "the proper balance between the equitable considerations of finality and good faith reliance on a judgment…" *Ibid.* Although the first question is whether there is a stay pending appeal, the court in *Club Assocs.* held that even if so, this is not dispositive, but instead, the question should then be "Why was no stay imposed?" *Id.* at 1069.

7

The reason no stay was obtained by Appellants is because the plan, following objections by Appellants, was modified to provide for Appellants' claims in the event of a reversal on appeal. And this possibility was specifically addressed on the record at the confirmation hearing.

The second factor the court in *Club Assocs.* considered when determining if the appeal was equitably moot was whether the plan has been substantially consummated. *Ibid.* As with the lack of stay, the fact that the plan has been substantially consummated is also not per se grounds to dismiss an appeal as equitably moot. The issue with respect to substantial consummation is, as the court noted in *Club Assocs.*, whether the plan has been "so substantially consummated" the court cannot grant effective relief. *Id.*, fn. 11 [emphasis added] (quoting *Miami Center Ltd. Partnership v. Bank of New York*, 820 F.2d 376, 379 (11th Cir. 1987). In making this determination, the court must look to the totality of the circumstances. *Club Assoc.*, at 1069.

What the appellate court in *Club Assocs.* found to be significant when affirming the lower court's finding of mootness was the effect on third parties in the event of a reversal on appeal. These third parties, investors in the reorganized debtor, the court concluded, could not be adequately protected if the confirmation of the plan was reversed on appeal. And for that primary reason, the court affirmed the district court's dismissal of the appeal as equitably moot. *Id.* at 1070-71; *see also Miami Center*, at 379-81 (also focusing on the impact on third parties in the event of

a reversal on appeal). The instant case is an individual case and is completely distinguishable. There are no third-party investors similarly situated as those in the cases cited.

In *In re Continental Airlines*, 91 F. 3d 553 (3d Cir. 1996) (en banc), the same issue was at play, that is, the effect on investors who invested hundreds of millions of dollars in the reorganized debtor. *Id.* at 564. In affirming the dismissal of the appeal, the appellate court noted, "[E]quitable mootness 'protects the interests of non-adverse third parties who are not before the reviewing court but who have acted in reliance upon the plan as implemented.'" *Id.*, at 561 (quoting *Manges v Seattle-First Nat'l. Bank (In re Manges)*, 29 F.3d 1034, 1039 (5th Cir. 1994).

The facts in the instant case are, again, clearly distinguishable, for there are no investors or other third parties whose interests would be adversely affected by a reversal of the Bankruptcy Court decision regarding when the Appellee/Debtor lost his powers as incorporator and who is the rightful owner or owners of the stock in All Paving, Inc. Those issues are between Appellants and the Appellee. Likewise, a reversal and remand regarding the determination of Appellants' claims and the potential non dischargeability of those claims does not impact third parties.

The court in *Continental* also noted that a plan which contains provisions to resolve disputed claims is a factor that lends itself towards a finding that effective relief is available. *Continental*, at 565.[1]

The *Plan* in the instant case, as noted above, contains such a provision in Section 5.1 and provides for Appellants' claims in the event of a reversal. Therefore, on its face, the *Plan* provides a mechanism for the Bankruptcy Court to grant effective relief should Appellants prevail herein. All of the creditors and other interested parties were served with the *Plan*, had an opportunity to object, and in particular to the provisions providing for disputed claims, but no one did so. Further, "The equitable mootness doctrine is primarily concerned with finality interests of third parties, such as good-faith purchasers or investors, as opposed to the parties before the court – who know better than to heedlessly rely on the ruling below." *Ullrich v. Welt (In re Nica Holdings, Inc.)*, 810 F.3d 781, 777 fn. 6 (11th Cir. 2015) (citing *In re Club Assocs.* and *Miami Ctr. Ltd. P'ship*, *supra*.).

Appellee in the *Motion to Dismiss Appeal* attempts to parse language by making a distinction based upon the specific wording "within the confines of the bankruptcy code". This is a meaningless and disingenuous attempt to distinguish what was clearly agreed to at the hearing and as contained in the *Confirmation*

---

[1] In discussing this point, the court stated that a such a determination is to be considered in the context of "constitutional (case or controversy) mootness", rather than equitable or prudential mootness. *Id.* at 566. Respectfully, the availability of a remedy is a factor to be considered when determining if an appeal is equitably moot.

*Order*. In order to determine same this Court needs simply to look at the transcript of the confirmation hearing, as excerpted above. Appellee's interpretation of the above-quoted language from the *Confirmation Order*, apart from being disingenuous, does not support the argument for equitable mootness. The specific remedy – return to the bankruptcy court which retained jurisdiction for this purpose. Clearly, the Bankruptcy Court's ability to grant effective relief is governed by the Bankruptcy Code. In the instant case, the mechanism for relief is built into the *Confirmation Order*. The interpretation of that Order is up to the Bankruptcy Court which rendered it. When discussing whether doing so was possible, for example, the court in *In re America-CV Station Group*, 2024 Bankr. LEXIS 580 (Bankr. SD Fla. 2024), pointed out that nothing in the Bankruptcy Code precludes a partial reversal of a confirmation order in order to provide effective relief to the aggrieved party, while leaving others who relied on the plan unaffected. *Id.*, at *27-28. The Bankruptcy Court came to this conclusion following remand by the Eleventh Circuit, which concluded that a remedy could be fashioned below. *Braun v. America-CV Station Grp., Inc. (In re America-CF Station Group, Inc.)*, 56 F.4th 1302, 1314 (11th Cir. 2023). It is significant that the 11th Circuit in remanding the case specifically found that the bankruptcy court was the proper place for appropriate remedies to be determined. Thus, Debor's reliance on this clause contained in the *Confirmation Order* is unavailing.

## Conclusion

This appeal is not equitably moot. The very *Confirmation Order* in the underlying Bankruptcy Case provided a specific and negotiated path for the Bankruptcy Court to consider appropriate relief in the event the *Memorandum Decision* was overturned on appeal. This would include the issues surrounding the ownership in All Paving, Inc.; the amount and extent of Appellants' claims in the Bankruptcy Case and the potential non-dischargeability of Appellant's claims. It further did so without prejudice to the rights of third party creditors, and without delay of the confirmation process. This benefitted the Appellee while preserving the rights of the Appellants. Therefore, none of the appellate issues before this Court are equitably moot. This Court should deny the *Motion to Dismiss Appeal* and proceed with its determination of this fully briefed appeal.

Dated this 19th day of April, 2024.

**LORIUM LAW**
*Attorneys for Appellants*
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile:  (954) 462-4300

By: /s/ Chad P. Pugatch
    Chad P. Pugatch
    Fla. Bar No. 220582
    cpugatch@loriumlaw.com
    Craig A. Pugatch, Esq.
    Fla. Bar No. 653381
    capugatch@loriumlaw.com
    Jason E. Slatkin
    Fla. Bar No. 040370
    jslatkin@loriumlaw.com

## CERTIFICATE OF COMPLIANCE

This document complies with the word limitation found in Rule 8013(f)(3)(A) of the Federal Rules of Bankruptcy Procedure and the typeface requirements of Rule 8015(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word in 14pt Times New Roman typeface and contains 2,760 words.

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been furnished on this 19th day of April, 2024 on Monique D. Hayes, Esq., and Isaac M. Marcushamer, Esq., DGIM Law, PLLC, 2875 NE 191st Street, Suite 705, Aventura, FL 33180; monique@dgimlaw.com and isaac@dgimlaw.com.

/s/ Jason E. Slatkin
Jason E. Slatkin