IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA, FORT LAUDERDALE DIVISION
CASE NO.: 0:23-cv-62227-MD
(Lower Tribunal Bankruptcy Case No. 22-15694-SMG)

PATRICK DALY, ELIZABETH
DALY, ALL PAVING AND
SEALCOATING, LLC, and
PATRICK DALY AND
ELIZABETH DALY AS THE
MAJORITY SHAREHOLDERS
OF ALL PAVING, INC.,

    Appellants,

v.

DAREN C. DALY,

    Appellee.
_____/

## APPELLEE'S REPY IN SUPPORT MOTION TO DISMISS APPEAL AS EQUITABLY MOOT

Appellee, Daren Daly ("Debtor" or "Daren"), replies in support of his Motion to Dismiss this Appeal as Equitably Moot [ECF No. 22] and in support thereof the Debtor respectfully states as follows:

Appellants in their Response [ECF No. 23] ignore the plain language of the Bankruptcy Code and the *Confirmation Order*[1], which limits the ability of the

---

[1] All capitalized terms not otherwise defined herein have the same meaning as in the Motion [ECF No. 22].

Bankruptcy Court to modify the Plan **after** substantial confirmation has occurred. They argue that the words "within the confines of the Bankruptcy Code" have no meaning and the Debtor's position is an attempt to "parse language". *See* Response at page 11. This is incorrect. The phrase within the "confines of the Bankruptcy Code" limits the retention of jurisdiction section in the Confirmation Order. Specifically, it limits the bankruptcy court's ability to approve modification of the Plan, consistent with 11 U.S.C. § 1193(b), which provides that the Debtor may not modify the plan after substantial consummation has occurred. *See* 11 U.S.C. §1193(b) ("the debtor may modify the plan at any time after confirmation of the plan and before substantial consummation of the plan…") (emphasis added). Accordingly, pursuant to the Bankruptcy Code and consistent with the Confirmation Order it is no longer permissible to modify the Plan. The Plan revested ownership of All Paving Inc. in the Debtor and further provided that the Appellants would receive no distribution on account of their claim.

The Appellants cite *Emilio Braun, Ramon Diez Barroso, Pegaso Television Corp. v. America-Cv Station Grp., Inc. (In re America-Cv Station Grp., Inc.)*, 56 F.4th 1302 (11th Cir. 2023), however in that case the appeal itself was of the confirmation order, or more specifically, the order permitting the modification of the

plan at the confirmation hearing. *Id* at 1307-1308. It was not as here an order entered **months** <u>before</u> the confirmation hearing even happened.[2]

Moreover, in this case, the Appellants never sought a stay pending appeal of the Memorandum Decision. They never appealed the Confirmation Order, let alone a stay of the Confirmation Order. The brightline rule in 1193(b) of the Bankruptcy Code preventing modification of the Plan, which clearly vests the ownership of All Paving Inc., in the Debtor precludes any effective relief being granted to the Appellants.

Indeed, the bankruptcy court in *In re Ne. Gas Generation, LLC*, held "[t]here is no provision allowing modification of a plan after substantial consummation" *In re Ne. Gas Generation, LLC*, 639 B.R. 914, 920 (Bankr. D. Del. 2022).[3] It is undisputed that the Debtor's Plan has been substantially consummated. It is undisputed under the express terms of the Confirmation Order, the Bankruptcy Code and applicable law that there is no legal way to deviate from the mandated brightline rule that a modification of a chapter 11 Plan after substantial consummation is not permitted.

---

[2] The Appeal of the Memorandum Decision was filed on November 21, 2023, and the Confirmation Hearing occurred on February 6, 2024.

[3] The court in *In re Ne. Gas Generation, LLC*, was interpreting §1127(b) of the bankruptcy code which has the same temporal bar to modification as §1193(b).

There is no relief that can be granted—now—even if Appellants were able to meet the high bar to have the Bankruptcy Court's Memorandum decision overturned. The Plan provisions are final, have not been appealed, and there are creditors that are relying on the Debtor's ownership of All Paving Inc., to make his payments to them. The Debtor has reaffirmed certain guarantees as provided in the Plan and committed to payment plans to creditors in connection with the Plan that would all be disturbed if the Plan was to be modified. This is the very essence of the Equitable Mootness doctrine.

Accordingly, the Debtor requests that the Court grant the Motion and Dismiss this Appeal.

Dated April 26, 2024.

**DGIM Law, PLLC**
Counsel for the Appellee
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

/s/ Isaac Marcushamer
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
isaac@dgimlaw.com
Monique D. Hayes, Esq.
Florida Bar No. 0841573
mhayes@dgimlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion has been served via CM/ECF Notification to all parties on the attached service list on this I certify 26<u>th</u> day of April, 2024.

/s/ Isaac Marcushamer
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
isaac@dgimlaw.com

## SERVICE LIST

Chad P. Pugatch, Esq.
Craig A. Pugatch, Esq.
Jason E. Slatkin, Esq.
LORIUM LAW
*Attorneys for Appellants*
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300
cpugatch@loriumlaw.com
capugatch@loriumlaw.com
jslatkin@loriumlaw.com