UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-62227-CIV-DAMIAN

PATRICK DALY, ELIZABETH
DALY, ALL PAVING AND
SEALCOATING, LLC, and
PATRICK DALY and
ELIZABETH DALY AS THE
MAJORITY SHAREHOLDERS
OF ALL PAVING, INC.,

     Appellants,

v.

DAREN C. DALY,

     Appellee.

_____/

## ORDER DENYING MOTION FOR REHEARING
## OF ORDER DISMISSING APPEAL [ECF NO. 45]

**THIS CAUSE** is before the Court on Appellants, Patrick Daly, Elizabeth Daly, and

All Paving and Sealcoating, LLC (collectively referred to as "Appellants"), Motion for

Rehearing of Order Dismissing Appeal, filed January 20, 2026. [ECF No. 45].[1]

THE COURT has reviewed the Motion, the Response and Reply thereto [ECF Nos.

46 and 50], the pertinent portions of the record in the underlying bankruptcy proceeding and

in this Court's record, and applicable legal principles and is otherwise fully advised. For the

reasons set forth below, the Motion for Rehearing is denied.

---

[1] Citations to "ECF No." refer to the docket entries in this appeal, whereas citations to "Bankr. ECF No." refer to the docket entries in the underlying Chapter 11 bankruptcy proceeding styled *In re Daren C. Daly*, No. 22-bk-15694-SMG (Bankr. S.D. Fla. 2022), and citations to "Adv. ECF No." refer to the docket entries in the underlying adversary proceeding styled *Patrick Daly et al. v. Daren C. Daly*, No. 22-ap-01391-SMG (Bankr. S.D. Fla. 2022).

## I.     RELEVANT BACKGROUND

On November 22, 2023, Appellants filed a Notice of Appeal in which they appealed a Memorandum Opinion and Order entered by the United States Bankruptcy Court for the Southern District of Florida determining that Appellee, Daren C. Daly ("Appellee" or "Debtor"), owns all 100 shares of All Paving, Inc., sustaining Appellee's objection to Appellants' proof of claim, and disallowing Appellants' claim against Appellee in the underlying adversary proceeding.[2]

Appellee filed a Motion to Dismiss on April 10, 2024, seeking to dismiss the appeal as equitably moot. [ECF No. 22]. However, before the Court ruled on the Motion to Dismiss, on January 17, 2025, Appellee withdrew the Motion. [ECF No. 27]. A year and a half later, after the bankruptcy plan was substantially consummated, Appellee filed a renewed Motion to Dismiss, in which he argued that the appeal is equitably moot because Appellants failed to obtain a stay during the pendency of the appeal, the confirmed plan is completed, and the Appellee and third parties would be significantly affected if any relief were granted in favor of Appellants. Appellee also argued that the relief the Appellants sought was, at that point, impossible. *Id.*

On January 7, 2026, this Court entered an Order Granting the Motion to Dismiss. [ECF No. 44]. After careful consideration of each of the points of fact and law raised in the Motion to Dismiss and in the relevant briefing, this Court determined that the appeal was

---

[2] The Notice of Appeal identifies 4 orders, all entered on November 8, 2023, in the underlying Bankruptcy Case and Adversary Proceeding: (1) Memorandum Opinion [Adv. ECF No. 190]; (2) Order (I) Determining Ownership of Stock in All Paving, Inc., and (II) Sustaining Debtor's Objection to Claim No. 13-1, [Adv. ECF No. 191]; (3) Memorandum Opinion [Adv. ECF No. 185]; and (4) Final Judgment [Adv. ECF Nos. 186 and 187].

equitably moot for several reasons. Initially, this Court found that Appellants had not offered a justifiable basis for not seeking a stay and that their failure to do so induced Appellee to act in reliance on the Plan having been approved. *See* Order On Motion to Dismiss at 11 (citing *Bennett v. Jefferson Cnty., Ala.*, 899 F.3d 1240, 1247 (11th Cir. 2018) (applying equitable mootness when "allowing an appeal to go forward will impinge upon actions taken to one's detriment in good faith reliance on a final and unstayed judgment") (citing *In re Club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992)). This Court also observed that Appellants failed to address Appellee's arguments regarding how the interests of third parties would be affected since the Bankruptcy Plan had been fully consummated, and they failed to address the considerations set forth in 11 U.S.C. § 1101(2) regarding substantial consummation. *See* Order on Motion to Dismiss at 12-13.

> After careful consideration, this Court ultimately determined:

> In sum, reversal of the Bankruptcy Court's Orders would disrupt both Daren Daly's ability to reorganize and the rights of the creditors relying on payment arrangements under the Confirmed Plan. And, importantly, Appellants do not argue otherwise. Thus, this Court finds that this factor also weighs in favor of applying the doctrine of equitable mootness. *See In Re Allied Holding, Inc.*, 291 F. App'x 257 (11th Cir. 2008) (affirming district court's dismissal of bankruptcy appeal as equitably moot because the plan was so substantially consummated that effective relief is no longer available, several major transactions had already been executed pursuant to the plan, and the relief requested would undermine the reasonable expectations of stockholders and creditors).

*Id.* at 18.

## II.     APPELLANTS' MOTION FOR REHEARING

In the Motion now before the Court, Appellants argue that this Court incorrectly concluded that it was unable to provide relief and that consummation of the Plan, although relevant, is not dispositive. According to Appellants, granting Appellants the relief they sought would not impair creditor recoveries, unravel negotiated plan provisions, or destabilize

the reorganization. Instead, they claim they simply seek a determination of ownership and claim-related rights between the parties which, according to Appellants, can be implemented without undoing consummated transactions or destabilizing the Plan's structure. Appellants also attempt to distinguish the legal authority cited by the Court in the Dismissal Order and argue that judicial estoppel should bar the Court's consideration of the second Motion to Dismiss after withdrawal of the first one.

Appellee responds that the Appellants misconstrue the nature of the issues by claiming the only parties affected by their claims are the Appellants and the Appellee whereas "there are millions of dollars impacting third-party creditors, all of whom were affected by approving the consensual confirmation." Resp. at 3. Appellee avers there is no relief that can be granted at this stage without significant harm to himself, the Debtor, and numerous third-party creditors. He also argues that Appellants' judicial estoppel argument is without merit.

In their Reply, Appellants argue that the Plan was not actually consensual because it took into consideration Appellants' objection, that a change in ownership of All Paving would not harm creditors because Appellants waived the ability to claw back should they take control of All Paving, and that judicial estoppel does apply because Appellants relied on Appellee's withdrawal of the earlier motion.

The Motion for Reconsideration is fully briefed and ripe for adjudication.

### III.    APPLICABLE LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8022 provides that a party filing any motion for rehearing by the district court must file it within fourteen days after entry of the judgment on appeal and "must state with particularity each point of law or fact that the movant believes the district court has overlooked or misapprehended." Fed. R. Bankr. P. 8022(a). "Bankruptcy

Rule 8022 (formerly 8015) is silent regarding the standard for granting a rehearing motion." *In re Env't Techs. Int'l, Inc.*, No. 8:17-cv-74-VMC, 2017 WL 3124246, at *1 (M.D. Fla. July 21, 2017). However, courts in the Eleventh Circuit have reviewed motions for rehearing in the same manner as a motion for reconsideration. *See In re Paris*, No. 6:06-cv-1084-PCF, 2006 WL 3628296, at *1 (M.D. Fla. Oct. 30, 2006) (citing *In re Envirocon Int'l Corp.*, 218 B.R. 978, 979 (M.D. Fla. 1998)). To that end, this Court recognizes three grounds warranting reconsideration of a prior order: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *See Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citations omitted).

"The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion." *Pena v. U.S. Coast Guard Seventh Dist.*, No. 18-23188-Civ, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (Scola, J.) (citing *Chapman v. AI Transport*, 229 F.3d 1012, 1023–24 (11th Cir. 2000)). "[T]he grant of a motion to reconsider is an extraordinary remedy employed sparingly." *F & G Rsch., Inc. v. Google Inc.*, No. 06-60905-CIV, 2007 WL 2774031, at *5 (S.D. Fla. Sept. 21, 2007) (Altonaga, J.) (citations omitted). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment. *See Arthur v. King*, 500 F.3d 1335, 1343–

5

44 (11th Cir. 2007); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). "A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd* 87 F.3d 1242 (11th Cir. 1996)).

## IV.   DISCUSSION

With these legal principles in mind, this Court addresses the parties' respective arguments.

Review of the Motion reflects Appellants have not identified any of the permissible grounds for reconsideration. They have not identified an intervening change in controlling law, the availability of *new* evidence (that is, evidence that was not available to them at the time they responded to the Motion to Dismiss), nor the need to correct a clear error or prevent manifest injustice. Therefore, Appellants have not demonstrated that they are entitled to the extraordinary remedy of reconsideration because the Motion is based entirely on authority and facts they could have, but, for the most part, did not raise when responding to the Motion to Dismiss. *See Seacoast Constr., Inc. v. JPMorgan Chase Bank, N.A.*, No. 20-20491-CIV, 2020 WL 9600108, at *4 (S.D. Fla. Aug. 13, 2020) (Altonaga, J.) ("[A party] may not use a motion for reconsideration to raise an argument that could have been—but was not—raised previously."); *see also Pines Properties, Inc. v. Am. Marine Bank*, No. 00-8041-CIV, 2004 WL 5562664, at *1 (S.D. Fla. Jan. 15, 2004) ("A party should not use a motion for reconsideration to request that the court rethink what it already thought through—rightly or wrongly." (internal quotation marks and citation omitted)). Indeed, this Court took it upon itself to

consider relevant issues *sua sponte* despite the fact that Appellants did not raise them in their Response.

This Court undertook a careful and thorough review of the issues raised in the Motion to Dismiss, and, as indicated above, this Court considered facts and issues raised by Appellee in the Motion even though Appellants did not challenge or object to many such points in their Response. As this Court pointed out in the Dismissal Order, Appellants' decision not to seek a stay, though not dispositive, weighs in favor of a finding of equitable mootness. Appellants did not challenge Appellee's claim that the Plan was consummated, and this Court independently determined that it could find that it was.

As noted in the Dismissal Order, the Eleventh Circuit has recognized the existence of a strong presumption that the appeal of an unstayed order confirming a reorganization plan is moot when the plan has been substantially consummated. And, although it is a primary basis for their Motion now, in their Response to the Motion to Dismiss, Appellants did not attempt to rebut Appellee's representations regarding the interests of third parties and the Debtor. Nor did Appellants address Appellee's argument in the Motion to Dismiss that any relief granted in favor of Appellants would be prejudicial to creditors who have received payments under the Confirmed Plan and would create an undue hardship to him as he has personally paid corporate debts based on the revesting of the corporate shares, although they now attempt to challenge that claim in their Motion for Rehearing.

Finally, Appellants offer no authority for their claim of judicial estoppel as a basis to preclude the filing of a motion to dismiss under circumstances like those presented here. In any event, this Court finds that they have shown no intentional gamesmanship on the part of Appellee in deciding to file the Motion at this stage in the proceedings nor have they made a

7

sufficient showing of prejudice in their ability to address the Motion once it was filed anew. As such, this Court finds Appellee was not judicially estopped from raising the issue of equitable mootness when he did especially given that the issue was more relevant when raised for the second time.

### V.  CONCLUSION

In sum, Appellants have not demonstrated a basis for reconsideration of this Court's Dismissal Order and have not demonstrated that if the Court did reconsider its Order, the result must be any different. *See Lomax v. Ruvin*, 476 F. App'x 175, 177 (11th Cir. 2012) ("To prevail on a motion for reconsideration, the moving party must present new facts or law of a strongly convincing nature."). Finally, this Court maintains, as previously determined, that Appellants' appeal is equitably moot, and, therefore, dismissal was and is appropriate.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion for Rehearing of Order Dismissing Appeal [ECF No. 45] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 9th day of June, 2026.

 

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of Record

       Daren C. Daly, *Pro se*
       10248 NW 62nd Ct
       Parkland, FL 33076